Although I concur with the majority's holding that a violation of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), occurred at voir dire, I dissent from its holding that under the evidence presented in this case Dr. Looney, a dentist, could be held liable for Mrs. Davis's death. Mrs. Davis expressly misled Dr. Looney regarding a medical condition, the aggravation of which ultimately caused her death. Ms. Davis, both on Dr. Looney's medical history questionnaire and in response to his further inquiry, stated that she did not have any liver disorder or an unusual susceptibility to bleeding. After Dr. Looney performed a standard tooth extraction, Mrs. Davis experienced bleeding and liver complications that, despite several intervening treatments by medical doctors, ultimately led to her death.
In my view, a dentist who exercises reasonable care by inquiring into his patient's medical history should not be held liable for complications that result from the patient's untruthful answers. See, e.g., Fall v. White,449 N.E.2d 628, 633 (Ind.Ct.App. 1983) (stating that a medical malpractice action should fail when the patient withholds information that thwarts a physician's ability to adequately treat the patient); 70 C.J.S. Physicians Surgeons
§ 80 (1987) (same). Otherwise, we are imposing a new legal duty upon a dentist to investigate and verify each of his patient's answers or to diagnose medical conditions that are admittedly beyond the dentist's technical expertise. See, e.g.,McTyeire v. McGaughy, 222 Ala. 100, 130 So. 784 (1930) (requiring a dentist to exercise the same standard of care as other dentists in the same general locality); 61 Am.Jur.2dPhysicians, Surgeons, etc. § 222 (1981) (stating that a dentist is not "required to possess the same knowledge required of the general practitioner of medicine or surgery"). Accordingly, I dissent from the majority's holding that on the basis of the evidence presented in this case Dr. Looney could be held liable for the death of Mrs. Davis.